Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BROOME, an individual; on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>CRST EXPEDITED, INC.; CRST INTERNATIONAL, INC.; CRST MALONE, INC.; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF FAIR LABOR STANDARDS ACT;**<br>**(2) FAILURE TO PROVIDE REST BREAKS;**<br>**(3) FAILURE TO PROVIDE MEAL BREAKS;**<br>**(4) FAILURE TO PAY MINIMUM WAGES;**<br>**(5) FAILURE TO REIMBURSE BUSINESS EXPENSES; AND**<br>**(6) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"),** **Bus. & Prof. Code § 17200 et seq.** |

Plaintiff Barry Broome ("Plaintiff") brings this class and collective action against Defendant CRST Expedited, Inc., CRST International, Inc., CRST Malone, Inc., and Does 1 through 10 ("Defendants"), and respectfully alleges the following:

## NATURE OF THE ACTION

1.    This is a collective and class action under federal and state law for wage and labor violations arising out of Defendants' misclassification of its drivers as independent contractors, and its per mile pay plan which fails to compensate for non-driving time.

2.    As alleged herein, Defendants operate a large trucking company, employ many drivers in California and nationwide, and engage in a pattern and practice of misclassifying them as independent contractors, and failing to fully compensate them according to federal and state law.  Defendant employed Plaintiff and Class members as drivers and paid them on a piece rate, per-mile basis.  Among other things, this pay plan fails to compensate for non-driving time and rest break time.

3.    Defendant failed to pay Plaintiff and the Class minimum wages for all time worked, failed to compensate for rest breaks, failed to reimburse business expenses, and engaged in other labor code violations and unfair business practices. Plaintiff seeks to represent all current or former California drivers for Defendant who were misclassified as "independent contractors" in connection with these wage and hour violations.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court, and the action presents a federal question.  The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA").  Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## PARTIES

5.    Plaintiff Barry Broome was, at all relevant times, employed by Defendants as a driver, and performing services in California, including Los Angeles County, and throughout the United States, during the liability period alleged herein.

6.    Plaintiff is informed, believes, and thereon alleges that Defendant CRST Expedited, Inc. is a transportation company, with its headquarters in Iowa.  Plaintiff is informed, believes, and thereon alleges that Defendant CRST International, Inc. is a transportation company, with its headquarters in Iowa.  Plaintiff is informed, believes, and thereon alleges that Defendant CRST Malone, Inc. is a transportation company, with its headquarters in Iowa.  Defendants CRST Expedited, Inc., CRST International, Inc., and CRST Malone, Inc. are hereinafter referred to "CRST."

7.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained.  Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

8.    Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.  Defendants provide transportation and trucking services, and employs drivers in California and throughout the nation to drive for them.  Defendants wrongfully misclassify drivers as independent contractors, although they are employees.

10.  Plaintiff was employed by Defendants as a driver and misclassified as an independent contractor.  Plaintiff was employed by Defendants as a driver for several years, and ceased driving for Defendants in or about April 2019.  During his employment for Defendant, Plaintiff drove routes of five hours or more entirely within the State of California, including in Los Angeles County.  For instance, Plaintiff was solely in California working for Defendant as a driver from October 11, 2018 through October 13, 2018.

11.  Defendants exercise control over Plaintiff and the representative class' hours, wages, working conditions, and/or suffer and permit them to work.  Among other, things, Defendants set Plaintiff and Class members' pay and schedule.  Moreover, the drivers perform an essential function of Defendants' business, and are a usual and customary part it.  All drivers at issue in this action service Defendants' customers.

12.  Defendants controlled the means and manner of Plaintiff and other drivers' performance of work for Defendant, including but not limited to the following:

      a.  Requiring trucks to bear Defendant's signage and logos on the trucks;

      b.  Assigning Class members' work schedules and jobs;

      c.  Using Class members to perform work solely on behalf of Defendant for Defendant's customers;

      d.  Requiring adherence to Defendant's rules and standards for operation of truck and performance of job;

      e.  Requiring Class members to meet certain schedules;

      f.  Controlling and setting Class members' pay;

      g.  Retaining the power to terminate.

13.     Defendants set Plaintiff and class members' compensation, and paid them on a piece-rate, per-mile basis for driving.  Plaintiff and class members were required to perform non-driving and/or non-productive duties, including but not limited to, truck and trailer inspections, waiting time, and other on-duty time.  In addition, pursuant to 29 C.F.R §785.22(a), Plaintiff and similarly situated drivers must paid for all non-driving time when on the road for over 24 hours.  Plaintiff and collective and class members regularly drove for Defendant and were on the road for over 24 hours.  Defendants improperly failed to reimburse for business expenses, and failed to compensate Plaintiff at minimum wages for non-driving and/or non-productive time. At all times during the liability period, Defendants had the power to control wages, hours, and/or working conditions of Plaintiff and their other drivers.

14.     Defendant paid on a piece rate basis, and failed to separately compensate Plaintiff and class members for rest breaks.  For each shift Plaintiff worked in California, Defendant failed to compensate for rest breaks.  At all times during the liability period, Plaintiff and Defendants' drivers were assigned to and required to work shifts lasting over than three and one half hours (3½) in California, but were not separately compensated for a ten (10) minute, uninterrupted rest break during each such shift.

15.     At all times during the liability period, Plaintiff and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours in California and were not scheduled to take a thirty (30) minute, uninterrupted, off-duty meal breaks.  Defendants as a matter of policy did not schedule meal breaks, and did not relieve Plaintiff and other class members of duties to take meal breaks.  Plaintiff and class members were on duty while hauling a load for Defendants in California, and did not receive the required duty-free meal breaks.  Plaintiff drove routes of five hours or more for Defendant entirely within the State of California, including during the period from October 11, 2018 through October 13, 2018, without receiving the required California meal break.

16. At all times during the liability period, Defendants failed to pay their drivers for all hours worked. Defendant failed to compensate Plaintiff and other drivers for non-driving time, including but not limited to, pre and post trip inspections, waiting time, driving without a load, on duty time while on the road for over 24 hours, and other on duty time.

17. At all times during the liability period, Defendant failed to reimburse Plaintiff and other drivers for the business expenses they incurred performing job duties for Defendants including, but not limited to, fuel and insurance, in violation of California Labor Code section 2802.

18. Defendants have engaged in a pattern and practice of misclassifying their employees as independent contractors. Plaintiffs are informed and believes there are other current and former aggrieved employees who suffered similar violations. Plaintiffs brings this action on behalf of other current and former aggrieved employees.

19. Defendants' conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendants have failed to pay minimum wages, failed to pay all wages owed each pay period, failed to provide timely and accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair competition.

20. Plaintiff is a member of and seeks to be the representative for the similarly situated drivers who all have been exposed to, have suffered, and/or were permitted to work under, Defendants' unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> **FLSA Class**: All current or former drivers for Defendants in the Unites States of America, who were paid on a piece-rate basis, and were classified as "independent contractors," at any time beginning three years prior to the filing of the Complaint through

1    the effective date of judgment.

2    **California Class**:  All current or former drivers for Defendants,

3    who drove one or more routes entirely within the State of

4    California, were paid on a piece-rate basis, and were classified as

5    "independent contractors," at any time beginning four (4) years

6    prior to the filing of the Complaint through the date notice is

7    mailed to the Class.

8    22.    All causes of action are pled and pursued on behalf of the California Class,

9    except the first cause of action for violation of the Federal Labor Standards Act, which is

10   pled and pursued on behalf of the FLSA Class. Plaintiff reserves the right to amend or

11   otherwise alter the class definition presented to the Court at the appropriate time, or to

12   propose or eliminate sub-classes, in response to facts learned through discovery, legal

13   arguments advanced by Defendant or otherwise.  The California Class and FLSA Class

14   are collectively referred to as the Class.

15   23.    This action has been brought and may be properly maintained as a class

16   action pursuant to the provisions of California's class action statute, and other applicable

17   law.

18   24.    **Numerosity of the Class:**  Members of the California Class so numerous,

19   and plaintiff is s informed  believe exceed 50 persons, and the FLSA Class is in the

20   hundreds if not thousands.  The precise number of the Class members and their addresses

21   are known to Plaintiff or will be known to Plaintiff through discovery.  Class members

22   may be notified of the pendency of this action by mail, electronic mail, the Internet, or

23   published notice.

24   25.    **Existence of Predominance of Common Questions of Fact and Law:**

25   Common questions of law and fact exist as to all members of the Class. These questions

26   predominate over any questions affecting only individual Class members. These common

27   legal and factual questions include:

28

a. Whether Plaintiff and each member of the Class were misclassified as independent contractors;

b. Whether Defendants violated the Federal Labor Standards Act by failing to pay minimum wage for all hours worked;

c. Whether Defendants violated California law by failing to pay Plaintiff and the members of the Class who worked as drivers minimum wage for all hours worked;

d. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for rest breaks as required by California law;

e. Whether Defendants failed to provide for and/or properly compensate Plaintiff and the members of the Class for meal breaks as required by California law;

f. Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and Class members for business expenses they incurred.

g. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

h. The nature and extent of class-wide injury and the measure of damages for the injury.

26. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver of Defendants, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendants during the liability period.  Plaintiff and the members of the classes sustained the same types of damages and losses.

27. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously.  The interests of members of each Class will be fairly and adequately

**COMPLAINT**

1   protected by Plaintiff and his counsel.

2       28.   **Superiority and Substantial Benefit:** The class action is superior to other

3   available means for the fair and efficient adjudication of Plaintiff and the Class members'

4   claims. The damages suffered by each individual Class member may be limited.  Damages

5   of such magnitude are small given the burden and expense of individual prosecution of the

6   complex and extensive litigation necessitated by Defendants' conduct.  Further, it would

7   be virtually impossible for the Class members to redress the wrongs done to them on an

8   individual basis. Even if members of the Class themselves could afford such individual

9   litigation, the court system could not.  Individualized litigation increases the delay and

10  expense to all parties and the court system, due to the complex legal and factual issues of

11  the case.  By contrast, the class action device presents far fewer management difficulties,

12  and provides the benefits of single adjudication, economy of scale, and comprehensive

13  supervision by a single court.

14      29.   The Class should also be certified because:

15          a. The prosecution of separate actions by individual members of the Class

16  would create a risk of inconsistent or varying adjudications with respect to individual

17  Class members which would establish incompatible standards of conduct for Defendants;

18          b. The prosecution of separate actions by individual members of the Class

19  would create a risk of adjudication with respect to them, which would, as a practical

20  matter, be dispositive of the interests of the other Class members not parties to the

21  adjudications, or substantially impair or impede their ability to protect their interests; and

22          c. Defendants have acted or refused to act on grounds generally applicable to

23  the Class, and/or the general public, thereby making appropriate final and injunctive relief

24  with respect to the Classes as a whole.

25  ///

26  ///

27  ///

28  ///

**COMPLAINT**

### FIRST CAUSE OF ACTION
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Violation of 29 U.S.C. §§ 201, *et seq.*)**
**(By Plaintiff And The FLSA Class Against All Defendants)**

30.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

31.     At all relevant times herein, Plaintiff and the FLSA Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

32.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

33.     Defendant is subject to the FLSA's minimum wage requirements because it is in interstate commerce and its employees are engaged in commerce.

34.     Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $7.25 per hour, effective July 24, 2009.

35.     Defendant pay plan applicable to all members of the FLSA class pays drivers on a per-mile basis, and does not pay for non-driving time.  Defendant's compensation fails to pay minimum wage to its drivers under federal law, when accounting for business expenses not reimbursed.  In addition, pursuant to 29 C.F.R §785.22(a), while on the road for over 24 hours, Plaintiff and FLSA Class members were on duty for 24 or, at a minimum, but were not compensated at the federal minimum wage for all hours worked.  Defendant knew or should have known that its compensation policy and methodology failed to compensate the drivers at the federal minimum wage.

36.     Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

**COMPLAINT**

37.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated drivers.

38.     Plaintiff and all similarly situated drivers are victims of a single, similarly applied employer-based compensation policy. In violation of the FLSA, that policy has been applied, and continues to be applied, to all drivers improperly misclassified as independent contractors by Defendant.

39.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus *actual* wages received, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether their conduct was unlawful.

40.     Defendant have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages under 29 U.S.C. § 216(b) in an amount equal to the amount of their unpaid minimum wages. Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

41.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been lawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

///

///

///

///

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 9-2001, § 12)**
**(By Plaintiff And The California Class Against All Defendants)**

42. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

43. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

44. IWC Order No.9-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

45. IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

46. Plaintiff and class members drove one or more routes for Defendants of five hours or more entirely within the State of California. As alleged herein, Defendant paid Plaintiff and Class members on a piece-rate basis, and failed to separately compensate them for rest breaks, in violation of California law.

47. By their actions, Defendants violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

**COMPLAINT**

48.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

49.     As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

### THIRD CAUSE OF ACTION
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 9-2001, § 11)**
**(By Plaintiff And The California Class Against All Defendants)**

50.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

51.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

52.     IWC Order No. 9-2001(11)(A) provides, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

53.     Section 512(a) of the California Labor Code provides, in relevant part, that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An

- 13 -
**COMPLAINT**

employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

54.    As alleged herein, Defendant failed to authorize and permit uninterrupted meal breaks during the Class period. Plaintiff and members of the Class were routinely required to work for five hours or more within California, without an uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

55.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods, Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 9-2001, and is liable to Plaintiff and the Class.

56.    As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code § 226.7(b) and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide its drivers with timely statutory off-duty meal periods.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 1194, 1194.2, 1197;**
**Wage Order No. 9-2001, §4)**
**(By Plaintiff And The California Class Against All Defendants)**

57.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

58.    Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less

wage than the minimum so fixed is unlawful."

59.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

60.     Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

61.     Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

62.     Plaintiff and Class members were required to work non-driving and/or non-productive time, for which they were not compensated, in violation of California's minimum wage laws.  This includes, but is not limited to, pre and post trip inspections, waiting time, meetings, trips driving without a load, and other on duty time.  Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at the applicable minimum wage for all the hours worked, driving and non-driving.

63.     At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

64.     For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest

thereon.  Pursuant to Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

65.     At all times relevant during the liability period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the amounts owed.

66.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all other similarly situated drivers, and Defendants has done so continuously throughout the filing of this complaint.

67.     As a direct and proximate result of Defendants' violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution.  Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

68.     Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**
**(By Plaintiff And The California Class Against All Defendants)**

69.     Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully herein.

70.     California Labor Code§ 2802 provides "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the

1  directions of the employer, even though unlawful, unless the employee, at the time of

2  obeying the directions, believed them to be unlawful."

3        71.    During the applicable statutory period, while in California, Plaintiff and the

4  Class members incurred necessary expenditures and losses in direct consequence of the

5  discharge of their employment duties and their obedience to the directions of Defendants.

6  These business expenses which Plaintiff and class members incurred, which were not

7  reimbursed include, but are not limited to, fuel and insurance.  Defendants did not

8  reimburse these expenditures or losses to Plaintiff and the Class members.

9        72.    Defendants has failed to fully reimburse Plaintiff and the members of the

10  Class for necessary business-related expenses and losses.

11       73.    Plaintiff and the Class members are entitled to recover their unreimbursed

12  expenditures and losses pursuant to Labor Code § 2802.

13                              **SIXTH CAUSE OF ACTION**
                    **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
14                        **(Violation of California's Unfair Competition Law**
15                              **Bus. & Prof. Code §§ 17200 *et seq.*)**
                    **(By Plaintiff And The California Class Against All Defendants)**
16

17       74.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set

18  forth herein.

19       75.    Section 17200 of the California Business and Professions Code (the "UCL")

20  prohibits any unlawful, unfair, or fraudulent business practices.

21       76.    Through its action alleged herein, Defendants has engaged in unfair

22  competition within the meaning of the UCL.  Defendants' conduct, as alleged herein,

23  constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

24       77.    Defendants' unlawful conduct under the UCL includes, but is not limited to,

25  violating Labor Code §§ 201, 202, 203, 226(a), 226.7, 226.8, 512, 1194, 2802, California

26  Wage Order No. 9-2001, and the other statutes and regulations alleged herein.

27  Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay

28  Class members wages and compensation they earned through labor provided, and failing

to otherwise compensate Class members, as alleged herein.  Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

78.     Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

79.     Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment and/or orders against Defendants as follows:

A. An order allowing other similarly situated drivers to receive notice and opportunity to opt-in to this case pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act;

B. Declare and find that Defendants violated FLSA, 29 U.S.C. § 201, et seq. by failing to pay Plaintiff and other similarly situated drivers the federal minimum wage;

C. An award of damages in the amount of unpaid minimum wages at the federal minimum wage rate to the FLSA Class;

D. Liquidated damages for the FLSA Class;

E. An order that this action may proceed and be maintained as a class action as to the California Class;

F. For all unpaid minimum wages and liquidated damages due to Plaintiff and each California Class member on their minimum wage claim at the California minimum wage rate;

G. For one hour of wages at Plaintiff and each California Class members'

**COMPLAINT**

1   regular rate of compensation each rest break violation pursuant to Labor

2   Code §226.7(c);

3  H. For one hour of wages at Plaintiff and each California Class members'

4   regular rate of compensation each meal break violation pursuant to Labor

5   Code §226.7(c)

6  I. For reimbursement of business expenses under Labor Code § 2802 to

7   Plaintiff and the California Class;

8  J. For restitutionary disgorgement pursuant to the UCL to Plaintiff and the

9   California Class;

10  K. An order enjoining Defendants from further unfair and unlawful business

11   practices in violation of Business & Professions Code §§ 17200 *et seq.,* and

12   requiring them to comply with the FLSA;

13  L. Prejudgment interest at the maximum legal rate;

14  M. Reasonable attorneys' fees;

15  N. Accounting of Defendants' records for the liability period;

16  O. General, special and consequential damages, to the extent allowed by law;

17  P. Costs of suit; and

18  Q. Such other relief as the Court may deem just and proper.

19

20 DATED: September 3, 2019   **HAFFNER LAW PC**

21

22       By:  /s/ Joshua H. Haffner

23         Joshua H. Haffner
          Graham Lambert

24         Attorneys for Plaintiff

25

26

27

28

- 19 -
**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury for himself and the Class members on all claims so

3

triable.

4

DATED:  September 3, 2019             **HAFFNER LAW PC**

5

6

By:      /s/ Joshua H. Haffner

7

Joshua H. Haffner
Graham Lambert

8

Attorneys for Plaintiff and others

9

Similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Consent To Become A Party Plaintiff
## Fair Labor Standards Act, 29 U.S.C. §216(b)

I hereby consent to be a party plaintiff and class representative in the action titled Broome v. CRST Expedited, Inc., CRST International, Inc., et al., for violations of the Fair Labor Standards Act, 29 U.S.C. §§201-291, and any other applicable federal and state laws.

Dated: August _5_, 2019

Barry Broome